WILLIAM E. CROSBY, APPELLANT, v. THE CITY OF EAST ORANGE, RESPONDENT.

Argued March 7, 1918—Decided May 3, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal from a judgment of the First District Court of Newark in favor of the plaintiff.

"This action is a second suit brought by the plaintiff, Crosby, against the city of East Orange to recover damages to his real property by the abstraction of waters by percolation therefrom, notwithstanding that *permanent* damages have been heretofore awarded him in a suit in the Supreme Court for injury to the same property by the abstraction of waters by percolation therefrom, by the operation in the same manner of the same water plant.

"The record in the action brought in the Supreme Court above referred to was introduced in evidence. It shows that the action ultimately resulted in a verdict by the jury in favor of the plaintiff and an assessment of damages over and above his costs and charges 'at the sum of twenty-seven hundred dollars permanent.' This is set forth in the *postea*.

"This verdict, so announced, and the *postea* thereon, are in full force and effect. An application was made to the Supreme Court to amplify the language of the *postea* and the Supreme Court refused to change the verdict set forth in the *postea* as signed.

"The plaintiff made no application to set aside this verdict as rendered or the *postea* as signed; on the contrary, he entered a judgment thereon and has issued execution to enforce the judgment and has collected the same. All the foregoing matters are admitted or stipulated or proved in the record now before this court. The court must now deal with this record and declare its effect in the present case. The word 'permanent' must be taken by the court as a part of the record. Its significance in actions for injuries is perfectly well settled. The *postea* awards the damages for a permanent injury, and it is too fundamental to require discussion, that a verdict between the same parties for permanent injuries to land, is a bar to any future action by the owner of that land for injuries arising to the same land from the same cause.

"The judgment below will be reversed and a judgment entered in favor of the defendant, with costs."

For the appellant, *Lum, Tamblyn & Colyer*.

For the respondent, *Jerome D. Gedney* and *Edward M. Colie*.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.